IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| BERTRAM JAM WESTBROOK, | Case No. 1:10-cv-01089 LJO JLT (PC) |
| Plaintiff, | ORDER DISMISSING THE COMPLAINT WITH LEAVE TO AMEND |
| vs. | (Doc. 1) |
| MATTHEW CATE, et al., | |
| Defendants. | |

Plaintiff is a state prisoner proceeding pro se and *in forma pauperis* with a civil rights action pursuant to 42 U.S.C. § 1983. This proceeding was referred to the undersigned magistrate judge in accordance with 28 U.S.C. § 636(b)(1) and Local Rule 302. Pending before the Court is Plaintiff's complaint filed June 16, 2010.

**I.   SCREENING**

The Court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The Court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally "frivolous or malicious," that "fails to state a claim on which relief may be granted," or that "seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2)(B).

In determining whether a complaint states a claim, the Court looks to the pleading standard under Federal Rule of Civil Procedure 8(a). Under Rule 8(a), a complaint must contain "a short and plain

statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). "[T]he pleading standard Rule 8 announces does not require 'detailed factual allegations,' but it demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation." Ashcroft v. Iqbal, 129 S. Ct. 1937, 1949 (2009) (quoting Bell Atlantic Corp. v. Twombly, 550 U.S. 554, 555 (2007)).

To state a claim under 42 U.S.C. § 1983, Plaintiff must demonstrate that each defendant personally participated in the deprivation of his rights. Jones v. Williams, 297 F.3d 930, 934 (9th Cir. 2002). This requires the presentation of factual allegations sufficient to state a plausible claim for relief. Iqbal, 129 S. Ct. at 1949-50; Moss v. U.S. Secret Service, 572 F.3d 962, 969 (9th Cir. 2009). "[A] complaint [that] pleads facts that are 'merely consistent with' a defendant's liability . . . 'stops short of the line between possibility and plausibility of entitlement to relief.'" Iqbal, 129 S. Ct. at 1949 (quoting Twombly, 550 U.S. at 557). Further, although a court must accept as true all factual allegations contained in a complaint, a court need not accept a plaintiff's legal conclusions as true. Iqbal, 129 S. Ct. at 1949. "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." Id. (quoting Twombly, 550 U.S. at 555). However, although the pleading standard is now higher, prisoners proceeding pro se in civil rights actions are still entitled to have their pleadings liberally construed and to have any doubt resolved in their favor. Hebbe v. Pliler, 611 F.3d 1202, 1204-05 (9th Cir. 2010) (citations omitted).

**II.     THE COMPLAINT**

Plaintiff is currently housed at Pleasant Valley State Prison ("PVSP") in Coalinga, where the events at issue in this action are said to have occurred. In his complaint, Plaintiff identifies the following defendants to this action: Secretary of the California Department of Corrections ("CDCR"), Matthew Cate, Warden James Yates, and Chief Chief Medical Officer Felix Igbinosa. (Doc. 1).

Plaintiff was transferred to PVSP on May 24, 2008. Plaintiff alleges that in November of 2007, the CDCR's Statewide Medical Director issued a policy that required environmental controls be implemented to decrease the risk associated with the spread of Valley Fever. (Doc. 1 at 6-7). These steps included placing plants on areas of open dirt, wetting the ground prior to digging, and providing inmates with protective masks upon request. (Id. at 6-7). Plaintiff contends Defendants failed to implement these precautions at PVSP. (Id. at 6-7). Plaintiff also alleges that a second policy issued by Defendant

Igbinosa, limited the issuance of protective masks to only inmates diagnosed with certain medical conditions. (Id. at 7). In this regard, Plaintiff alleges that medical staff personnel denied his requests based on Defendant Igbinosa's policy. (Id.). As a result of Defendants' conduct, Plaintiff contends that he subsequently developed Valley Fever at PVSP and suffers from continued deterioration of his respiratory ability. (Id. at 8). Plaintiff alleges a claim against all three Defendants for violation of the Eight Amendment's protections against inhumane conditions of confinement. In terms of relief, Plaintiff seeks compensatory and punitive damages as well as injunctive relief. (Id. at 12.).

## III. DISCUSSION

### A. Eighth Amendment Claim

Plaintiff has attempted to allege an Eighth Amendment claim. The Eighth Amendment protects prisoners from inhumane methods of punishment and from inhumane conditions of confinement. Morgan v. Morgensen, 465 F.3d 1041, 1045 (9th Cir. 2006). Extreme deprivations are required to make out a conditions of confinement claim, and only those deprivations denying the minimal civilized measure of life's necessities are sufficiently grave to form the basis of an Eighth Amendment violation. Hudson v. McMillian, 503 U.S. 1, 9, 112 S.Ct. 995 (1992) (citations and quotations omitted). In order to state a claim for violation of the Eighth Amendment, a plaintiff must allege facts sufficient to support a claim that prison officials knew of and disregarded a substantial risk of serious harm to the plaintiff. E.g., Farmer v. Brennan, 511 U.S. 825, 847 (1994); Frost v. Agnos, 152 F.3d 1124, 1128 (9th Cir. 1998).

#### 1. Defendants Cate and Yates

Plaintiff appears to be proceeding on the theory of supervisory liability in asserting Defendants Cate and Yates failed to follow the CDCR's Medical Director's policy for implementing precautions related to the Valley Fever infection. However, to show a claim as to both Defendants' Cate and Yates, Plaintiff is required to show that these two defendants: (1) acted under color of state law, and (2) committed conduct which deprived Plaintiff of a federal right. Leer v. Murphy, 844 F.2d 628, 632–633 (9th Cir. 1988). "A person deprives another of a constitutional right, where that person 'does an affirmative act, participates in another's affirmative acts, or omits to perform an act which [that person] is legally required to do that causes the deprivation of which complaint is made.'" Id. at 988 (quoting Johnson v. Duffy, 588 F.2d 740, 743 (9th Cir. 1978)). "[T]he 'requisite causal connection can be

1 established not only by some kind of direct, personal participation in the deprivation, but also by setting
2 in motion a series of acts by others which the actor knows or reasonably should know would cause others
3 to inflict the constitutional injury.'" Id. (quoting Johnson at 743-44). "[T]here is no pure respondeat
4 superior liability under § 1983, [and] a supervisor [may only be held] liable for the constitutional
5 violations of subordinates 'if the supervisor participated in or directed the violations, or knew of the
6 violations and failed to act to prevent them.'" Id. (quoting Taylor v. List, 880 F.2d 1040, 1045 (9th Cir.
7 1989)).

8 Plaintiff's complaint is deficient as it fails to show that either Cate or Yates "participated in or
9 directed the violations, or knew of the violations and failed to act to prevent them." Hydrick v. Hunter,
10 supra, 500 F.3d at 988 (9th Cir. 2007). Additionally, even without these deficiencies, Plaintiff's
11 complaint does not adequately link either Cate or Yates to the knowing disregard of a substantial risk
12 of harm to Plaintiff's health. Likewise, Plaintiff has failed to demonstrate that the failure to plant
13 vegetation on open ground, wet the ground before digging or providing a protective mask is what caused
14 Plaintiff to contract Valley Fever.

15 Moreover, general allegations regarding either defendants' knowledge about the dangerous
16 conditions at PVSP are not sufficient to support either a claim based on either supervisory liability or
17 an Eighth Amendment claim. Mere negligence on the part of the prison official is not sufficient to
18 establish liability, but rather, the official's conduct must have been wanton. Farmer, supra, 511 U.S. at
19 835; Frost, supra, 152 F.3d at 1128.

20     2.    Defendant Igbinosa

21 As noted above, Plaintiff contends that Defendant Igbinosa's policy of issuing masks to only
22 certain inmates, prevented him from obtaining a protective mask because he did not meet the policy's
23 criteria to receive the mask. (Doc. 1 at 7). However, Plaintiff has failed to alleged facts to demonstrate
24 that Igbinosa possessed knowledge that Plaintiff was subject to a substantial risk of harm or that he
25 disregarded a substantial risk of any alleged serious harm. Farmer, supra, 511 U.S. at 835; Frost, supra,
26 152 F.3d at 1128.

27 **IV.   CONCLUSION**

28 In light of the above discussion, Plaintiff will be provided an opportunity to file an amended

complaint curing the deficiencies identified by the Court in this order. See <u>Noll v. Carlson</u>, 809 F.2d 1446, 1448-49 (9th Cir. 1987) ("A pro se litigant must be given leave to amend his or her complaint unless it is absolutely clear that the deficiencies of the complaint could not be cured by amendment.") (internal quotations omitted).  If Plaintiff elects to file an amended complaint, he is cautioned that he may not change the nature of this suit by adding new, unrelated claims in his amended complaint. See <u>George v. Smith</u>, 507 F.3d 605, 607 (7th Cir. 2007) (no "buckshot" complaints).  Plaintiff is also advised that once he files an amended complaint, his original pleadings are superceded and no longer serve any function in the case.  See <u>Loux v. Rhay</u>, 375 F.2d 55, 57 (9th Cir. 1967).  Thus, the amended complaint must be "complete in itself without reference to the prior or superceded pleading." Local Rule 220.

Accordingly, for the reasons set forth above, it is **HEREBY ORDERED** that:

1. Plaintiff's complaint is dismissed;
2. Plaintiff is granted thirty (30) days from the date of this order to file an amended complaint that complies with the requirements of the Civil Rights Act, the Federal Rules of Civil Procedure, and the Local Rules; the amended complaint must bear the docket number assigned to this case and must be labeled "Amended Complaint";
3. The Clerk of the Court is directed to send Plaintiff the form complaint for use in a civil rights action; and
4. Plaintiff is cautioned that failure to comply with this order will result in a recommendation that this action be dismissed without prejudice.

IT IS SO ORDERED.

Dated:  **October 20, 2011**                                **/s/ Jennifer L. Thurston**
                                                                              UNITED STATES MAGISTRATE JUDGE