IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| BERTRUM JAM WESTBROOK,<br><br>　　　　Plaintiff,<br><br>　　vs.<br><br>MATTHEW CATE, et al.,<br><br>　　　　Defendants.<br>_____ / | Case No. 1:10-cv-01089 LJO JLT (PC)<br><br>FINDINGS AND RECOMMENDATIONS RECOMMENDING THAT THIS ACTION BE DISMISSED FOR FAILURE TO STATE A CLAIM<br><br>(Doc. 12) |

　　　　Plaintiff is a state prisoner proceeding pro se and in forma pauperis with a civil rights action pursuant to 42 U.S.C. § 1983. By order filed October 20, 2011, the Court screened Plaintiff's complaint and dismissed it with leave to amend. (Doc. 10.) Now pending before the Court is Plaintiff's amended complaint filed November 21, 2011. (Doc. 12.)

I.　　**SCREENING REQUIREMENT**

　　　　The Court is required to review a case in which a prisoner seeks redress from a governmental entity or officer. 28 U.S.C. § 1915A(a). The Court must review the complaint and dismiss any portion thereof that is frivolous or malicious, fails to state a claim on which relief may be granted, or seeks monetary relief against a defendant who is immune from such relief. 28 U.S.C. § 1915A(b). If the Court determines the complaint fails to state a claim, leave to amend should be granted to the extent that the deficiencies in the pleading can be cured by amendment. Lopez v. Smith, 203 F.3d 1122, 1127-28 (9th Cir. 2000) (en banc).

The Civil Rights Act under which this action was filed provides a cause of action against any "person who, under color of [state law] . . . subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws [of the United States.]" 42 U.S.C. § 1983. To prove a violation of § 1983, a plaintiff must establish that (1) the defendant deprived him of a constitutional or federal right, and (2) the defendant acted under color of state law. West v. Atkins, 487 U.S. 42, 48 (1988); Collins v. Womancare, 878 F.2d 1145, 1147 (9th Cir. 1989). "A person deprives another of a constitutional right, within the meaning of section 1983, if he does an affirmative act, participates in another's affirmative acts, or omits to perform an act which he is legally required to do that causes the deprivation of which [the plaintiff complains]." Leer v. Murphy, 844 F.2d 628, 633 (9th Cir. 1993) (quoting Johnson v. Duffy, 588 F.2d 740, 743 (9th Cir. 1978)). In other words, there must be an actual causal connection between the actions of each defendant and the alleged deprivation. See Rizzo v. Goode, 423 U.S. 362, 370-71 (1976).

"Federal Rule of Civil Procedure 8(a)(2) requires only 'a short and plain statement of the claim showing that the pleader is entitled to relief,' in order to 'give the defendant fair notice of what the . . . claim is and the grounds upon which it rests[.]'" Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007) (quoting Conley v. Gibson, 355 U.S. 41, 47 (1957)). Nevertheless, a plaintiff's obligation to provide the grounds of entitlement to relief under Rule 8(a)(2) requires more than "naked assertions," "labels and conclusions," or "formulaic recitation[s] of the elements of a cause of action." Twombly, 550 U.S. at 555-57. The complaint "must contain sufficient *factual matter*, accepted as true, to 'state a claim to relief that is plausible on its face.'" Ashcroft v. Iqbal, 129 S. Ct. 1937, 1949, 173 L. Ed. 2d 868, 883 (2009) (quoting Twombly, 550 U.S. at 570) (emphasis added).

**II.     SUMMARY OF AMENDED COMPLAINT**

Plaintiff is currently housed at Pleasant Valley State Prison ("PVSP") in Coalinga, California. In his complaint, Plaintiff identifies the following defendants to this action: Secretary of the California Department of Corrections ("CDCR"), Matthew Cate, Warden James Yates, and Chief Medical Officer Felix Igbinosa. (Doc. 12).

In his complaint for damages, Plaintiff alleges as follows: Plaintiff was transferred to PVSP on

1  May 24, 2008. By this time, CDCR officials were aware of the existence of an increased risk of Valley
2  Fever, in the area surrounding PVSP, as the area has been designated as a "hyperendemic" area. (Doc.
3  12 at 1, 4.) Between 2001 and 2005, the California Department of Mental Health constructed Coalinga
4  State Hospital which is located in close proximity to PVSP which contributed to this problem. As a
5  result of the construction, the rate of contracting the Valley Fever infection peaked in 2006. (Id. at 5.)
6  In 2005, PVSP requested the California Department of Health Services ("CDHS") investigate a Valley
7  Fever outbreak occurring at PVSP. (Id.) The CDHS found that the construction of the state hospital and
8  the population growth of Coalinga, were likely causes for the increased rate of contracting Valley Fever
9  at PVSP. (Id.) The CDHS recommended that: (1) information regarding the disease be provided to
10 inmates and staff; (2) high risk inmates be relocated; (3) the prison plant additional ground cover; and
11 (4) inmates be allowed to stay indoors on windy days and prior to digging that the ground be watered.
12 (Id.)

13    In November 20, 2007, in a memo which was forwarded to Defendants, the CDCR State Medical
14 Director Dr. Winslow acknowledged the "significant increases" in the rates at which PVSP inmates were
15 contracting the disease and ordered PVSP to begin implementing the CDHS's controls and additionally
16 ordered PVSP officials to provide protective masks to inmates, if requested by the inmate. (Doc. 12 at
17 5.) Despite Dr Winslow's memo, Defendants did not implement the required protections. (Id. at 6.) The
18 failure of Defendant Cate and Yates to implement protections has been condemned by the Fresno County
19 Grand Jury on multiple occasions. (Id.)

20    Upon Plaintiff's arrival at PVSP on May 24, 2008, Plaintiff noticed a large dirt mound located
21 between PVSP and the Coalinga State Hospital, apparently left after completion of construction of the
22 hospital in 2005. (Doc. 12 at 6.) Plaintiff saw clouds of dust blowing from this dirt mound towards
23 PVSP. (Id.) On May 31, 2008, Plaintiff asked a nurse for a protective mask but the nurse denied the
24 mask and stated that Plaintiff did not meet the criteria established by a policy developed by Defendant
25 Igbinosa. (Id.) Defendant Igbinosa had implemented a policy restricting the issuances of masks to only
26 those inmates meeting certain criteria. (Id. at 6.)

27    As a result of Defendants' conduct, Plaintiff contends that in July of 2009, he first experienced
28 what he initially believed to be "flu" like symptoms, however he was later diagnosed with Valley Fever.

3

1  (Doc. 12 at 6-7.) Plaintiff contends that since that time, he has continued to suffer from a deterioration
2  of his respiratory ability and health. (Id. at 8-9.). Plaintiff alleges a claim of deliberate indifference
3  against all three Defendants. In terms of relief, Plaintiff seeks compensatory and punitive damages as
4  well as injunctive relief. (Id. at 11.).

**III.    DISCUSSION**

      **A.    Eighth Amendment Claim**

Plaintiff has attempted to allege an Eighth Amendment claim. The Eighth Amendment protects prisoners from inhumane methods of punishment and from inhumane conditions of confinement. Morgan v. Morgensen, 465 F.3d 1041, 1045 (9th Cir. 2006). Extreme deprivations are required to make out a conditions of confinement claim, and only those deprivations denying the minimal civilized measure of life's necessities are sufficiently grave to form the basis of an Eighth Amendment violation. Hudson v. McMillian, 503 U.S. 1, 9 (1992) (citations and quotations omitted). Prisoners may state a cause of action under the Eighth Amendment by alleging that prison officials, with deliberate indifference, exposed Plaintiff to a serious, communicable disease that poses "an unreasonable risk of serious damage to [the prisoner's] future health." Helling v. McKinney, 509 U.S. 25, 35 (1993).

In order to demonstrate a claim as to any of the three Defendants, Plaintiff is required to show that Defendants: (1) acted under color of state law, and (2) committed conduct which deprived Plaintiff of a federal right. Leer v. Murphy, 844 F.2d 628, 632–633 (9th Cir. 1988). "A person deprives another of a constitutional right, where that person 'does an affirmative act, participates in another's affirmative acts, or omits to perform an act which [that person] is legally required to do that causes the deprivation of which complaint is made.'" Id. at 988 (quoting Johnson v. Duffy, 588 F.2d 740, 743 (9th Cir. 1978)). "[T]he 'requisite causal connection can be established not only by some kind of direct, personal participation in the deprivation, but also by setting in motion a series of acts by others which the actor knows or reasonably should know would cause others to inflict the constitutional injury.'" Id. (quoting Johnson at 743-44).

      **B.    Valley Fever**

"[T]o the extent that Plaintiff is attempting to pursue an Eighth Amendment claim for the mere fact that he was confined in a location where Valley Fever spores existed which caused him to contract

4

Valley Fever, he is advised that no courts have held that exposure to Valley Fever spores presents an excessive risk to inmate health." King v. Avenal State Prison, 2009 U.S. Dist. LEXIS 20182, 2009 WL 546212, *4 (E.D. Cal., Mar 4, 2009); see also Tholmer v. Yates, 2009 U.S. Dist. LEXIS 8204, 2009 WL 174162, *3 (E.D. Cal. Jan. 26, 2009)("To the extent Plaintiff seeks to raise an Eighth Amendment challenge to the general conditions of confinement at PVSP, Plaintiff fails to come forward with evidence that Yates is responsible for the conditions of which Plaintiff complaints.") Defendants cannot, therefore, be held liable for subjecting Plaintiff to dangerous conditions, or for a failure to protect Plaintiff from exposure to Valley Fever spores.

Likewise, Plaintiff's complaint is deficient because it fails to demonstrate that either Cate or Yates knowingly disregard a substantial risk to Plaintiff's health. Mere negligence on the part of the prison official is not sufficient to establish liability, but rather, the official's conduct must have been deliberate. Farmer v. Brennan, 511 U.S. 825, 835 (1994); Frost v. Agnos, 152 F.3d 1124, 1128 (9th Cir. 1998). According to Plaintiff's complaint, the nearby construction which had increased the risk of contracting Valley Fever was completed in 2005.[1] Thus, though Plaintiff alleges that Defendant Cate and Yates were aware that nearby construction occurring from 2001 through 2005 would increase the risk of infection and failed to take appropriate steps to mitigate this risk, the construction was completed three years prior to Plaintiff's arrival at PVSP, and almost four years before Plaintiff first displayed symptoms from the infection. Even assuming Defendants failed to take appropriate measures to mitigate the risk of contracting Valley Fever, the construction of the hospital in the past, at most, demonstrates only a remote risk of harm.

Alternatively, Plaintiff alleges that he requested a protective mask but the request was denied because he did not meet the criteria identified by Igbinosa in his policy. Thus, Plaintiff attempts to impose liability on Igbinosa on a theory of supervisory liability. To state a claim for relief under § 1983 for supervisory liability, Plaintiff must allege some facts indicating that the defendant either personally participated in the alleged deprivation of constitutional rights, knew of the violations and failed to act to prevent them, or promulgated or "implement[ed] a policy so deficient that the policy 'itself is a

---

[1] Plaintiff fails to allege how a dirt mound that had remained in place for three years poses a greater risk of containing Valley Fever spores than the surrounding soil.

5

repudiation of constitutional rights' and is 'the moving force of the constitutional violation.'" Hansen v. Black, 885 F.2d 642, 646 (9th Cir. 1989) (internal citations omitted); Taylor v. List, 880 F.2d 1040, 1045 (9th Cir. 1989).

Though Plaintiff has alleged that Igbinosa implemented a more restrictive mask policy than that enacted by the CDCR, Plaintiff has not alleged sufficient facts to demonstrate that Igbinosa was aware of and deliberately disregard a risk of harm to Plaintiff's health. Thus, instead of supporting Plaintiff's claim, the factual allegations demonstrate that Igbinosa gave consideration as to whom would receive a protective mask based on criteria that he had predetermined to be medically appropriate. The fact that Plaintiff contracted the disease despite that he was not identified as an at-risk inmate, does not suggest Defendant Igbinosa was deliberately indifferent to his peculiar risk of harm. Farmer, supra, 511 U.S. at 835.

In sum, Plaintiff has not sufficiently plead facts that support a finding that any of the Defendants knew of and disregarded an excessive risk to Plaintiff's health.

### B.    No leave to amend

The Court will not grant Plaintiff leave to amend because it is apparent that the deficiencies identified in this order cannot be cured. See Noll v. Carlson, 809 F.2d 1446, 1448–49 (9th Cir.1987) ("A pro se litigant must be given leave to amend his or her complaint unless it is absolutely clear that the deficiencies of the complaint could not be cured by amendment.") (internal quotations omitted). Likewise, though the Court has provided Plaintiff leave to amend one time already, he has failed to substantively address any of the defects previously noted by the Court.

## IV.   CONCLUSION

Accordingly, it is **HEREBY RECOMMENDED** that:

1. This action be **DISMISSED** for Plaintiff's failure to state a cognizable claim;
2. This case be **CLOSED**.

These findings and recommendations are submitted to the United States District Judge assigned to the case pursuant to the provisions of 28 U.S.C. § 636(b)(1). Within twenty-one (21) days after being served with these findings and recommendations, Plaintiff may file and serve written objections with the Court. A document containing objections should be captioned "Objections to Magistrate Judge's

1  Findings and Recommendations." Plaintiff is advised that failure to file objections within the specified
2  time may waive the right to appeal the District Court's order. <u>See</u> <u>Martinez v. Ylst</u>, 951 F.2d 1153 (9th
3  Cir. 1991).

5  IT IS SO ORDERED.

6  Dated:   **December 12, 2011**                                        /s/ Jennifer L. Thurston
                                                                      UNITED STATES MAGISTRATE JUDGE